## Ex Parte Torres.

Apelación procedente de la Corte de Distrito de

Ponce.

No. 20.   Resuelto en Mayo 24, 1905.

HABEAS CORPUS.—MULTA.—PRISIÓN SUBSIDIARIA.—Una sentencia condenando al acusado á tres meses de cárcel, y á prisión subsidiaria por cien días, en defecto de pago, de multa de cien dollars, es legal en cuanto á la pena principal, así como por lo que respecta al pago de la multa, ó al término de prisión que legalmente deba cumplir el acusado en defecto de pago de la misma.

ID.—CUMPLIMIENTO DE SENTENCIA.—MANDAMIENTO DE PRISIÓN.—La detención de un prisionero en virtud de sentencia dictada contra él, debe estar justificada con una copia certificada de la sentencia original, según el art 327 del Código de Enjuiciamiento Criminal, y el incumplimiento de este precepto, produce la nulidad del mandamiento, y procede la excarcelación del prisionero en un procedimiento de Habeas Corpus.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sepúlveda.*

Abogado del apelado: *Sr. Rossy,* Fiscal.

EL JUEZ ASOCIADO SR. WOLF, emitió la siguiente opinión del Tribunal.

La presente es una apelación contra resolución de la Corte de Distrito de Ponce desestimandó la solicitud del apelante pidiendo auto de Habeas Corpus. El apelante alega que su prisión es ilegal; Primero.—Porque el mandamiento para su prisión no se ajustaba á las prescripciones de la Sección 327 del Código de Enjuiciamiento Criminal, y Segundo.—Porque la sentencia de la Corte imponía una prisión de cien días á falta de pago de la multa de cien dollars. La sentencia era por tres meses de prisión más cien días equivalente á una multa de cien dollars.. La multa era la pena, y si bien la sentencia era defectuosa al fijar un término de cien días como la alternativa, este defecto no invalidará la multa ó el período de tiempo que debe legalmente sufrir el prisionero. A este fin es la opinión de la Corte Suprema en el caso de José Avila Alicea fallado el día 21 de Octubre, 1903,

por lo que la opinión del Juez de la Corte de Distrito de Ponce estaba por lo tanto bien fundada con respecto al particular. El preso no ha sufrido los 90 días de prisión que era el máximun de la pena alternativa.

Sin embargo, la prisión es ilegal, porque la orden de prisión deja de cumplir con las prescripciones de la sección 327 ya citada. Los términos de la ley exigen claramente una copia certificada de la sentencia, y por las razones expuestas en la opinión de esta Corte en el caso de Ex parte Justo Aranzamendi, de fecha Mayo 18, 1905, el preso no puede ser detenido de acuerdo con la orden de prisión presentada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández, Figueras y MacLeary.